# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MIGUEL CASTILLO,              )

                             )

               Plaintiff,    )    No.   01 C 0616

   v.                     )

                             )    Judge Pallmeyer

JOSE ZUNIGA, et al.       )

                             )

           Defendants.   )



## PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL
## OF HIS FOURTH AMENDMENT CLAIMS

Plaintiff Miguel Castillo, by his attorneys, moves that this court reconsider its previous rejection of his claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, and excessive force, and in support of this motion states:

1. In its ruling on the defendant's motion to dismiss, dated March 14, 2002, this court ruled that plaintiff's § 1983 claims for false arrest, false imprisonment and excessive force were not timely, and should be dismissed, even though they were filed within two years of the final resolution of the criminal case against him.

2. In so ruling, the court noted:

> Plaintiff argues that his false arrest, false imprisonment, and excessive force allegations necessarily conflict with his arrest and conviction, and were therefore not judicially cognizable until the criminal charges against him were resolved in his favor on January 18, 2001. Non-cognizable allegations can not be said to have accrued under a statute of limitations, Plaintiff urges, and [sic] therefore his January 30, 2001 complaint was timely. As Defendants note, however, the Seventh Circuit has rejected this argument, holding that under *Heck*, Fourth Amendment claims for improper searches or seizures do not necessarily invalidate subsequent sentences or convictions. See *Copus v. City of Edgerton*, 151 F.3d 646, 648-49 (7th Cir. 1998) (suspect may be properly convicted despite having suffered unlawful arrest or search); *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997) (applying

1

same analysis to excessive force claim).[fn6]

*Castillo v. Zuniga*, 2002 U.S. Dist Lexis 4261 (N.D. Ill.)

3. In footnote 6, to which the above quote refers, the court wrote:

Plaintiff contrasts the Seventh Circuit's recent categorical approach to the accrual of false arrest claims with older cases in which the court remanded for consideration of whether a particular § 1983 claim would have to be barred by Heck, and invites this court to consider this issue an "open question." After the clear language of the Seventh Circuit's recent cases on point, the court considers the question closed. See, e.g., *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 897 (7th Cir. 2001) ("In applying Heck in general . . . we have held that any § 1983 claim for damages resulting from a false arrest is not barred by Heck and accrues immediately after the arrest . . . ."); *Copus v. City of Edgerton*, 151 F.3d 646, 649 (7th Cir. 1998) ("[W]e have held that a claim asserting a violation of the Fourth Amendment necessarily `accrues' at the time of the unlawful search or seizure").

*Castillo v. Zuniga*, 2002 U.S. Dist Lexis 4261 (N.D. Ill.).

4. As set forth in Plaintiff's Response to Defendants' Motion for Summary Judgment, the Seventh Circuit has now clarified that fourth amendment claims do **not** necessarily accrue immediately after the seizure in question. *Gauger v. Hendle*, 349 F.3d 354 (7th Cir. 2003).

5. In this case, plaintiff's fourth amendment claims were inconsistent with his conviction being constitutional, in that if his arrest was unconstitutional, or if he was subjected to unconstitutional force, the statements he was alleged to have given would necessarily have been suppressed.

6. Reconsideration of this court's prior ruling in light of the *Gauger* holding is therefore warranted, and will not delay the trial of this matter, since almost identical issues are raised by plaintiff's state law claims, which will be tried at the same time.

Wherefore, plaintiff requests that this court reconsider its prior ruling in this matter

dismissing plaintiff's fourth amendment claims

Dated: January 14, 2004                          Respectfully Submitted,

                                                 John L. Stainthorp
                                                 Joey L. Mogul
                                                 Jeffrey H. Haas

                                                 PEOPLE'S LAW OFFICE
                                                 1180 N. Milwaukee
                                                 Chicago, IL 60622
                                                 773/235-0070
                                                 Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MIGUEL CASTILLO, )
)
    Plaintiff, )    01 C 616
)
    v. )    Judge Pallmeyer
)
Chicago Police Officers JOSE ZUNIGA #17694, )    Magistrate Judge Levin
ROLAND PAULNITSKY 2913 #6503, )
Former Police Officer WALTER CIPUN )
#11885 and THE CITY OF CHICAGO, )
)
    Defendants. )

### NOTICE OF MOTION

To:    Thomas Platt, Liza Franklin
    Assistant Corporation Counsel
    30 N. LaSalle, Ste. 1400
    Chicago, Illinois 60601

    YOU ARE HEREBY NOTIFIED that on Tuesday January 20, 2004 at 9:00 a.m., I will appear before the Honorable Judge Rebecca Pallmeyer, in the courtroom usually occupied by her in the United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, and present attached Plaintiff's Motion To Reconsider Dismissal of his Fourth Amendment Claims.

DATED this 14th day of January, 2004

                                 Joey L. Mogul
                                 One of Plaintiff's Attorneys

                                 1180 N. Milwaukee
                                 Chicago, IL 60622
                                 773/235-0070

FILED

JAN 14 2004

MICHAEL W. DOBBINS
CLERK U.S. DISTRICT COURT

57

## CERTIFICATE OF SERVICE

To:     Thomas Platt, Liza Franklin
        Assistant Corporation Counsel
        30 N. LaSalle, Ste. 1400
        Chicago, Illinois 60601

    I, JOEY L. MOGUL, an attorney, hereby certifies that she caused to be served copies of the attached Plaintiff's Motion To Reconsider Dismissal of his Fourth Amendment Claims to the above named counsel at the above address by hand delivering the same on the 14th day of January, 2004, by 5:00 p.m.

_____
ATTORNEY AT LAW